**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD LIDDY, SR.,** | ) | **CASE NO.  1:08CV2122** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RICH GANSHEIMER,** | ) | |
| | ) | **ORDER** |
| **Respondent.** | ) | |

This matter is before the Court upon Petitioner's Objections to the Magistrate Judge's Report and Recommendation.  (Dkt. # 21).

On September 3, 2008, Petitioner filed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Dkt. # 1).  On June 12, 2008, this case was referred to William H. Baughman, Jr. for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636 and LR 72.2.  On March 26, 2009, Respondent filed a Return of Writ arguing, *inter alia*, that Petitioner's claims were not cognizable in a habeas case, Petitioner's grounds for relief have been procedurally defaulted, and Petitioner's claims fail on the merits.  (Dkt. # 8).  On September 3, 2009, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Court dismiss Grounds Two, Three, and Four of the Petition as procedurally defaulted, and deny Ground One of the Petition on the merits subject to a standard of modified AEDPA deference because the state court decision denying the claim was not an unreasonable application of clearly established federal law.  (Dkt. # 18).

1

On September 14, 2009, Petitioner filed a Motion for Extension of Time to File

Objections.  (Dkt. # 19).  The Court Granted Petitioner's Motion and gave Petitioner until

October 30, 2009 to file Objections to the R&R.  (Dkt. # 19).  On November 4, 2009,

Petitioner filed his Objections to the R&R.  (Dkt. # 21)

**<u>Petitioner's Objections</u>**

While Petitioner's Objections to the R&R are largely non-cognizable, he in

essence argues that the Magistrate Judge misapplied the law.  Specifically, Petitioner

contends that his constitutional rights were violated when he was: 1) denied a complete

transcript of the proceedings in his criminal case, and 2) denied his right to self-

representation.

However, as the Magistrate Judge correctly noted, Petitioner is not entitled to

reversal *per se* based upon an imperfect transcript without showing that the alleged gaps

and omissions were prejudicial to Petitioner's appeal.  <u>Bransford v. Brown</u>, 806 F.2d 83,

85 (6th Cir. 1986) ("in order to demonstrate denial of a fair appeal, [P]etitioner must

show prejudice resulting from the missing transcripts.").  Thus, the Magistrate Judge

properly determined that Ground One of the Petition should be denied on the merits.  In

his Objections to the R&R, Petitioner once again provides only conclusory statements

regarding prejudice.  The state court's decision denying Ground One of the Petition was,

therefore, not an unreasonable application of clearly established federal law.

Furthermore, Petitioner fails to make any meritorious arguments in his Objections

to the R&R as to why the remaining grounds of his Petition, including his claim that he

was denied his right to self-representation, are not procedurally defaulted.

2

The Court has reviewed Petitioner's Objections to the R&R and finds they are without merit.  In addition, the Court has reviewed the Report and Recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported.  Therefore, the Report and Recommendation of Magistrate Judge Baughman is hereby **ADOPTED**.  (Dkt. # 18) Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.  (Dkt. # 1).

**IT IS SO ORDERED**.

<u>**/s/ Peter C. Economus – January 7, 2010**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**